UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD YOUNG,
    Plaintiff,

vs.                                      05-4018

STATE OF ILLINOIS, et al.
    Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Richard Young, has filed his lawsuit pursuant to 42 U.S.C. §1983 against four defendants including the State of Illinois, Judge Allan Blackwood, Assistant States Attorney David Osborne, and Rock Island Police Officer T.W. Nichols.

The plaintiff's complaint is a chronology of facts without much explanation of the events nor how they violate the plaintiff's constitutional rights. The plaintiff says he received a citation on April 16, 2004 for not having a valid driver's license and for failure to wear a seatbelt. On June 2, 2004, the plaintiff says he was arrested for driving on a suspended license by Officer T.W. Nichols. On June 3, 2004, the plaintiff says Judge Allen Blackwood set his bond at $500 for the driving while suspended offense. The plaintiff says on June 7, 2004, the Judge further raised his bond to $25,000. The plaintiff claims that the judge signed an arrest warrant allowing the state to upgrade his no valid driver's license citation into a Class 4 felony offense. The plaintiff provides no further details concerning what specific offense was involved.[1] In addition, the plaintiff does not state who prepared the arrest warrant.

On June 15, 2004, Detective Sullivan testified at the plaintiff's preliminary hearing. However, the plaintiff says the detective did not testify at his trial "violating my constitutional right that states: The right to confront and cross-examine your accusers." (Comp, p. 4)

On June 18, 2004, the plaintiff says he received discovery from Assistant States Attorney David Osborne. The plaintiff says the package contained a "falsified court document." Id. It is not clear from the complaint what document the plaintiff is referencing. However, he does state that Osborne had upgraded his no valid driver's license offense into a Class 4 felony.

Lastly, the plaintiff states that he was arrested for driving on a suspended license on June 2, 2004. However, he received notice from the Secretary of State that his suspension would go into

---

[1]The court notes that a second violation of driving on a suspended license in Illinois is a Class 4 felony. 625 ILCS 5/6-303(d).

effect on July 26, 2004. Therefore, the plaintiff argues that he was arrested before his suspension went into effect.

The plaintiff is asking for an "undecided cash amount and terminate and/or demote defendants involved." (Comp. p.6)

The plaintiff's claims against Judge Blackwood are dismissed for failure to state a claim upon which relief can be granted. The judge is entitled to absolute immunity so long as his acts are within his jurisdiction and performed in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-7 (1978); *See also* John v. Barron, 897 F.2d 1387, 1393(7th Cir. 1990)(mere allegations of conspiracy insufficient to overcome judicial immunity). Signing an arrest warrant and rulings concerning bond meet this criteria.

The plaintiff has also failed to state a claim upon which relief can be granted against Assistant States Attorney Osbourne. Prosecutors are immune when carrying out prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated " with the judicial process); *See also* Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.")

The State of Illinois is also dismissed as a defendant. The state is entitled to Eleventh Amendment immunity and is therefore not a proper defendant in this case. *See* Hafer v. Melo, 502 U.S. 21(1991).

The only remaining named defendant is Police Officer T.W. Nichols. The only allegation against Nichols is that he arrested the plaintiff on June 2, 2004 for driving on a suspended license. The plaintiff alleges that his license was not suspended at the time. The plaintiff does not claim that the charge was dismissed or that he was found not guilty of this offense. The Supreme Court has held that unless a criminal defendant gets his conviction overturned, he can't base a civil case on evidence that, if true, shows he was wrongly convicted. Heck v Humphrey, 512 U.S. 477 (1994).

Lastly, the plaintiff has failed to state an official capacity claim against any defendant. An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Liability under §1983 can be imposed on governmental entities only if the underlying constitutional deprivation resulted from the execution of an official custom, policy or practice. Monell v. Department of Social Services, 436 U.S.658, 694 (1978). The plaintiff has not alleged any custom, policy or practice lead to his alleged constitutional deprivations.

The court notes that the plaintiff has filed a motion asking to amend or correct his complaint. [d/e 3]. The plaintiff says he intended not just to sue Police Officer T.W. Nichols, but also the entire Rock Island Police Department. The motion is denied as moot. For the reasons stated above, the plaintiff has failed to state a claim against the police department.

The court also notes that on his complaint, the plaintiff indicates that he is suing the defendants pursuant to §1983 and has also marked "other." (Comp., p. 1) The plaintiff has written that he is also suing the defendants for "falsifying court documents/unusual punishment/false arrest." Id.

If the plaintiff was attempting to state some sort of violation of his rights under state law, the court declines supplemental jurisdiction over any of the plaintiff's intended state law claims. 28 U.S.C. Section 1367 c(3); O'Grady v. Village of Libertyville, 304 F.3d 719, 725 (7th Cir. 2002)(upholding dismissal of state claims after constitutional claims disposed of).

IT IS THEREFORE ORDERED that:

**1) The case is dismissed in its entirety for failure to state a claim upon which relief can be granted. The case is terminated without prejudice.**

**2) The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**

**3) The plaintiff must still pay the full docketing fee of $250.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**6) The plaintiff's motion to amend or correct his complaint is denied as moot. [d/e 3]**

ENTERED this 1st day of March, 2005

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE